**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____District of Delaware_____
(State)

Case number (if known): _____   Chapter __11__

☐ Check if this is an
amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy       04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Airtek, LLC** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **35-1801239** |

**4. Debtor's address**

**Principal place of business**

**4410 W. 37th Avenue**
Number       Street

**Hobart**          **IN**   **46342**
City          State   Zip Code

**Lake**
County

**Mailing address, if different from principal place of business**

**10822 West Toller Drive, Suite 370**
Number       Street

P.O. Box

**Littleton,**          **CO**   **80127**
City          State   Zip Code

**Location of principal assets, if different from principal place of business**

Number       Street

City          State   Zip Code

**5. Debtor's website** (URL)       **www.apcautotech.com**

---

Debtor    **Airtek, LLC**                                Case number *(if known)*
             Name

| | |
|---|---|
| **6.  Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | ☐ Partnership (excluding LLP) |
| | ☐ Other. Specify: |

| | |
|---|---|
| **7.  Describe debtor's business** | A. *Check One:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☒ None of the above |
| | B. *Check all that apply:* |
| | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . **3343 (**Motor Vehicle Parts Manufacturing**)** |

| | |
|---|---|
| **8.  Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first sub-box.  A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check One:* |
| | ☐ Chapter 7 |
| | ☐ Chapter 9 |
| | ☒ Chapter 11.  *Check all that apply:* |
| |  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| |  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1).  Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| |  ☒ A plan is being filed with this petition. |
| |  ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| |  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.** |
| |  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | ☐ Chapter 12 |

Debtor    **Airtek, LLC**                                    Case number *(if known)* _____
_____ Name

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|
| | | | MM/DD/YYYY | | |
| District | _____ | When | _____ | Case number | _____ |
| | | | MM/DD/YYYY | | |

---

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases.  If more than 1, attach a separate list.

☐ No
☒ Yes.

Debtor    **See Rider 1**                    Relationship    **Affiliate**

District    **District of Delaware**              When    **06/03/2020**
                                                           MM / DD / YYYY

Case number, if known  _____

---

**11.  Why is the case filed in *this* district?**

*Check all that apply:*

☒  Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒  A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12.  Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐  It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?  _____

☐  It needs to be physically secured or protected from the weather.

☐  It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐  Other  _____

**Where is the property?**    _____
                              Number        Street
                              _____
                              City                  State    Zip Code

**Is the property insured?**

☐ No
☐ Yes.    Insurance agency    _____
          Contact name        _____
          Phone               _____

---

| | **Statistical and administrative information** |
|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒  Funds will be available for distribution to unsecured creditors.
☐  After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors (on a consolidated basis)**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☒ | 200-999 | | | | |

---

| Debtor | **Airtek, LLC** | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

| | | | | | |
|---|---|---|---|---|---|
| **15. Estimated assets (on a consolidated basis)** | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ | $500,001-$1 million | ☒ | $100,000,001-$500 million | ☐ More than $50 billion |

| | | | | | |
|---|---|---|---|---|---|
| **16. Estimated liabilities (on a consolidated basis)** | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| | ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     **06/03/2020**
                MM/ DD / YYYY

✗   **/s/ Patricia Warfield**                      **Patricia Warfield**
    Signature of authorized representative of debtor   Printed name

Title   **Authorized Signatory**

**18. Signature of attorney**

✗   **/s/ Domenic E. Pacitti**          Date   **06/03/2020**
    Signature of attorney for debtor            MM/ DD/YYYY

Domenic E. Pacitti

Klehr Harrison Harvey Branzburg LLP
Firm name

919 N. Market Street, Suite 1000
Number              Street

Wilmington                              Delaware        19801
City                                    State           ZIP Code

(302) 426-1189                          dpacitti@klehr.com
Contact phone                           Email address

3989                        Delaware
Bar number                  State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____
                District of Delaware
                        (State)

Case number *(if*
*known):*                                Chapter    11

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

      On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to this chapter 11 case of Debtor APC Automotive Technologies Intermediate Holdings, LLC.

Airtek, LLC
AP Emissions Technologies, LLC
AP Exhaust Products DISC, Inc.
APC Automotive Technologies Intermediate Holdings, LLC
APC Automotive Technologies, LLC
Aristo, LLC
CWD Acquisition, LLC
CWD Holding Corp.
CWD Intermediate Holding Corp.
CWD, LLC
Eastern Manufacturing, LLC
Qualis Automotive, L.L.C.
Qualis Enterprises, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AIRTEK, LLC, | ) Case No. 20-_____ (____) |
| | ) |
| Debtor. | ) |
| | ) |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| APC Automotive Technologies, LLC | 10822 West Toller Drive, Suite 370, Littleton, CO 80127 | 100% |

---

[1]    This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| AIRTEK, LLC, | ) | Case No. 20-_____ (___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| APC Automotive Technologies, LLC | 100% |

## SECRETARY CERTIFICATE

### May 30-31, 2020

The undersigned, Patricia Warfield, as the authorized signatory of the entities listed on Annex A and Annex B of the Omnibus Resolutions attached hereto as Exhibit A (each such entity, a "Group Company" and, collectively, the "Group Companies"), hereby certifies as follows:

1.  I am the duly qualified and elected secretary or authorized signatory, as applicable, of each of the Group Companies and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of each of the Group Companies.

2.  Attached hereto is a true, complete, and correct copy of the resolutions of the Group Companies' boards of directors, boards of managers, sole manager, and/or sole member, as applicable (collectively, the "Board"), duly adopted at properly convened and joint meetings of the Board on May 30 and 31, 2020, in accordance with the applicable limited liability company agreement, operating agreement, bylaws, or similar governing document (in each case as amended or amended and restated) of each Group Company.

3.  Since their adoption and execution, the resolutions have not been modified, rescinded, or amended and are in full force and effect as of the date hereof, and the resolutions are the only resolutions adopted by the Board relating to the authorization and ratification of all corporate actions taken in connection with the matters referred to therein.

*[Signature page follows]*

IN WITNESS WHEREOF, I have hereunto set my hand on behalf of each Group Company as of the date hereof.

By: _____

Name: Patricia Warfield

Title:   Authorized Signatory

**Exhibit A**

**OMNIBUS RESOLUTIONS OF THE GOVERNING BODIES OF
APC AUTOMOTIVE TECHNOLOGIES HOLDINGS, LLC
AND ITS SUBSIDIARIES**

May 30-31, 2020

WHEREAS, all of the members of the board of directors or board of managers, as applicable, or the sole manager and/or the sole member, as applicable (each, a "Governing Body" and, collectively, the "Governing Bodies"), of APC Automotive Technologies Holdings, LLC (the "Company") and the wholly-owned direct and indirect subsidiaries of the Company listed on Annex B attached hereto (such subsidiaries, collectively the "Filing Subsidiaries," and together with the Company, the "Group Companies") considered presentations by management (the "Management") and the financial and legal advisors (collectively, the "Advisors") of the Group Companies regarding the liabilities and liquidity situation of and the strategic alternatives available to each Group Company, and the effect of the foregoing on such Group Companies' respective businesses;

WHEREAS, the Group Companies negotiated and, as of May 31, 2020, entered into the Restructuring Support Agreement (the "Restructuring Support Agreement"), which agreement contemplates a comprehensive restructuring of the Filing Subsidiaries' capital structure on the terms and subject to the conditions set forth therein;

WHEREAS, pursuant to the direction of each Governing Body, the Group Companies' Management and Advisors engaged in good-faith negotiations with the Consenting Sponsors and Consenting Lenders (each as defined in the Restructuring Support Agreement) regarding the terms of the *Joint Prepackaged Chapter 11 Plan of Reorganization of APC Automotive Technologies Holdings, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented, the "Plan");

WHEREAS, each Governing Body, based on its business judgment and acting in the best interests of the applicable Group Company, its respective creditors, and other parties in interest, approved the Plan and the disclosure statement in support of the Plan (the "Disclosure Statement") related thereto for solicitation of votes from the holders of that certain First Lien Credit Agreement, dated May 10, 2017 (as amended, restated, amended and restated, supplemented, or otherwise modified or replaced from time to time in accordance with its terms), by and among APC Automotive Technologies Intermediate Holdings, LLC and certain of its affiliates and subsidiaries, as borrowers and guarantors, the applicable agent, and the applicable term loan lenders (as described in the Restructuring Support Agreement, the "First Lien Credit Agreement") entitled to vote on the Plan and for filing with the United States Bankruptcy Court for the District of Delaware, if and when appropriate, and solicitation of the Plan will commence on or around May 31, 2020;

WHEREAS, the deadline for the receipt of votes to accept or reject the Plan will be June 24, 2020;

WHEREAS, the Restructuring Support Agreement contemplates that the Filing Subsidiaries will obtain debtor-in-possession financing consisting of (i) (a) a "roll-up" of that certain ABL Credit Agreement, dated May 10, 2017 (as amended, restated, amended and restated, supplemented, or otherwise modified or replaced from time to time in accordance with its terms), by and among the Filing Subsidiaries, as borrower and guarantors, the applicable agent, and the applicable lenders (the "ABL Credit Agreement") on terms set forth in the term sheet (the "ABL DIP Term Sheet") reviewed by the Governing Bodies (the "ABL DIP Facility") and (b) a new money term debtor-in-possession credit facility in the aggregate principal amount of $50 million ($43.5 million of which is committed as of the Petition Date and $6.5 million of which will be committed on or before the date by which the Plan Supplement (as defined in the Plan) must be filed) on terms set forth in the Term DIP Commitment Letter (as defined Restructuring Support Agreement) (the "Term DIP Facility", and together with the ABL DIP Facility, the "DIP Facilities") and (ii) the entry into a credit agreement for an exit term loan facility and an exit ABL facility upon emergence from the Chapter 11 Cases (the "Exit Financings");

WHEREAS, the respective members of each Governing Body's management team and its advisors have apprised such Board of the key terms of the Restructuring Support Agreement, the DIP Facilities, and the Exit Financings, as applicable, and such Board has had the opportunity to review the forms or key terms of such documents; and

WHEREAS, each Governing Body discussed the foregoing with the Management and Advisors of the applicable Group Company and each Governing Body has fully considered each of the strategic alternatives available to the applicable Group Company and has determined, in the judgment of each Governing Body, that the following resolutions are in the best interests of the applicable Group Company, and its respective creditors.

NOW, THEREFORE, BE IT:

## RESTRUCTURING SUPPORT AGREEMENT; CHAPTER 11 PLAN; SOLICITATION

RESOLVED, that in the business judgment of each Governing Body, it is desirable, and in the best interests of the applicable Group Company, its respective creditors, and other parties in interest, to have entered into the Restructuring Support Agreement and the applicable Group Company's performance of its obligations under the Restructuring Support Agreement, including the negotiation and documentation of the Plan and commencement of the prepackaged solicitation of the Plan and Disclosure Statement (as defined in the Restructuring Support Agreement), and all exhibits, schedules, attachments, and ancillary documents or agreements related thereto, hereby is, in all respects approved and ratified with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by each Governing Body.

## CHAPTER 11 FILING

RESOLVED, that in the judgment of each Governing Body, it is desirable and in the best interests of the applicable Filing Subsidiary, its respective creditors, and other parties in interest, that the applicable Filing Subsidiary shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition and the voluntary petitions to be filed by the

Filing Subsidiaries, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") or other court of competent jurisdiction.

RESOLVED, that the Chief Executive Officer, Chief Financial Officer, Chief Operating Officer, General Counsel, Secretary, any Executive Vice President, any Senior Vice President, any Vice President, or any other duly appointed officer of any Group Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of the applicable Group Company all petitions, schedules, lists, and other motions, pleadings, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of the Filing Subsidiaries' respective businesses.

### RETENTION OF PROFESSIONALS

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the law firm of Kirkland & Ellis LLP ("Kirkland"), as each Filing Subsidiary's counsel, to represent and assist each Filing Subsidiary in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Filing Subsidiary's rights and remedies, including filing any pleadings and conducting any potential sale process on behalf of each Filing Subsidiary; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Kirkland in accordance with applicable law.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the law firm of Klehr Harrison Harvey Branzburg LLP ("Klehr"), as local bankruptcy counsel to represent and assist each Filing Subsidiary in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Filing Subsidiary's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Klehr.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the firm of Jefferies Group LLC ("Jefferies") as each Filing Subsidiary's financial advisor, to represent and assist each Filing Subsidiary in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Filing Subsidiary's rights and remedies; and, in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Jefferies in accordance with applicable law.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the firm of WeinsweigAdvisors LLC ("WeinsweigAdvisors"), as each Filing Subsidiary's restructuring advisor, to represent and assist each Filing Subsidiary in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Filing Subsidiary's rights and remedies; and, in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain WeinsweigAdvisors in accordance with applicable law.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the firm of Bankruptcy Management Solutions, Inc., ("Stretto") as each Filing Subsidiary's notice, claims, and balloting agent and as administrative advisor, to represent and assist each Filing Subsidiary in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Filing Subsidiary's rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Stretto in accordance with applicable law.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the firm of Ernst & Young LLP ("EY LLP"), as each Filing Subsidiary's tax advisor, to represent and assist each Filing Subsidiary in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Filing Subsidiary's rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain EY LLP in accordance with applicable law.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ any other professionals to assist each Filing Subsidiary in carrying out its duties under the Bankruptcy Code; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, appropriate, or desirable, including (without limitation) special counsel to the extent determined necessary, appropriate, or desirable.

RESOLVED, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain legal counsel, accountants, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, appropriate, or desirable in connection with each Filing Subsidiary's Chapter 11 Case.

## Cash Collateral, Debtor-in-Possession Financing, and Adequate Protection

RESOLVED, that each Governing Body will obtain benefits, which are necessary and convenient to the conduct, promotion and attainment of the business of such Governing Body, from:

(i) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for the holders of claims under the (a) the ABL Credit Agreement; and (b) the First Lien Credit Agreement (together, the "Secured Parties"); and

(ii) the incurrence of the DIP Facilities by entering into credit agreements for each of the ABL DIP Facility and Term Loan DIP Facility that reflect the terms as set forth in the ABL DIP Term Sheet and Term DIP Commitment Letter, respectively (together, the "DIP Credit Agreements") to be dated on or about June 3, 2020.

RESOLVED, that in order to use and obtain the benefits of the DIP Facilities and Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, certain of the Filing Subsidiaries will provide certain adequate protection to the Secured Parties (the "Adequate Protection Obligations"), as documented in a proposed order in interim and final form (the "DIP Order") and submitted for approval to the Bankruptcy Court.

RESOLVED, that the form, terms and provisions of the DIP Credit Facilities be, and hereby are, in all respects approved.

RESOLVED, that the form, terms, and provisions of the DIP Order to which the Filing Subsidiaries are or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each of the Authorized Officers of the Group Companies be, and hereby are, authorized and empowered, in the name of and on behalf of each of the Filing Subsidiaries, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Order and the DIP Credit Agreements, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which any Filing Subsidiary is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively with the DIP Order and the DIP Credit Agreements, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board, with such changes, additions, and modifications thereto as the officers of each Filing Subsidiary executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof.

RESOLVED, that each Filing Subsidiary, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including the guaranty of the obligations thereunder and the granting of liens on substantially all of its assets to secure such obligations.

RESOLVED, that the Authorized Officers of each Filing Subsidiary be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Filing Subsidiary, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the DIP Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, fee letters, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents; (b) such other agreements, instruments, certificates, notices, assignments, and documents as may be reasonably requested by the respective agents under the DIP Facilities (the "DIP Agents"); and (c) such forms of account control agreements, lockbox agreements, landlord agreements, collateral access agreements, warehouse waivers, other agreements with third parties relating to the Collateral (as defined in the DIP Credit Agreements), officer's certificates, and compliance certificates as may be required by the DIP Documents (clauses (a) through (c) of this paragraph, collectively, the "DIP Financing Documents").

RESOLVED, that each of the Authorized Officers of each Filing Subsidiary be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Filing Subsidiary to file or to authorize the DIP Agents to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of each Filing Subsidiary that the respective DIP Agents deem necessary or appropriate to perfect any lien or security interest granted under the DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Filing Subsidiaries and such other filings in respect of intellectual and other property of the Filing Subsidiaries, in each case as the DIP Agents may reasonably request to perfect any security interests of the DIP Agents under any DIP Financing Document.

RESOLVED, that each of the Authorized Officers of each Filing Subsidiary be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Filing Subsidiary to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of such Filing Subsidiaries in connection with the foregoing resolutions, in accordance with the terms of the DIP Financing Documents, which shall in their sole judgment be necessary, proper, or advisable to perform such Filing Subsidiaries' obligations under or in connection with the DIP Order or any of the other DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

**GENERAL**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the applicable Group Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, in each case as in such Authorized Officer's or Authorized Officers' judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein.

RESOLVED, that each Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of each Group Company, or hereby waives any right to have received such notice.

RESOLVED, that any and all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of any Group Company prior to the date of this consent be, and are hereby in all respects approved, confirmed and ratified as the true acts and deeds of each Group Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of each Governing Body.

RESOLVED, that each of the Authorized Officers (and their designees and delegates) and each other partner, member, or managing member of any Group Company or any of such Group Company's direct subsidiaries, be and hereby is authorized and empowered to take all actions or to not take any action in the name of and on behalf of the applicable Group Company with respect to the transactions contemplated by these Resolutions hereunder as the sole shareholder, partner, member, or managing member of any direct subsidiary of any Group Company, in each case, as such Authorized Officer shall deem necessary, appropriate, or desirable in such Authorized Officer's reasonable business judgment as may be necessary, appropriate, or desirable to effectuate the purposes of the transactions contemplated herein.

*     *     *     *     *

**Annex A** **(Non-Filing Entity)**

| COMPANY | JURISDICTION |
|---|---|
| APC Automotive Technologies Holdings, LLC | Delaware |

**Annex B** (Filing Entity)

| COMPANY | JURISDICTION |
|---|---|
| AirTek, LLC | Delaware |
| APC Automotive Technologies, LLC | Delaware |
| APC Automotive Technologies Intermediate Holdings, LLC | Delaware |
| AP Emissions Technologies, LLC | Delaware |
| AP Exhaust Products DISC, Inc. | Delaware |
| Aristo, LLC | Delaware |
| CWD Acquisition, LLC | Delaware |
| CWD Holding Corp. | Delaware |
| CWD Intermediate Holding Corp. | Delaware |
| CWD, LLC | California |
| Eastern Manufacturing, LLC | Pennsylvania |
| Qualis Automotive, L.L.C. | Delaware |
| Qualis Enterprises, Inc. | Indiana |

**Fill in this information to identify the case:**

Debtor name ____APC Automotive Technologies Intermediate Holdings, LLC et al____

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (If known):   _____

☐ Check if this is an amended filing

<u>Official Form 204</u>

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 **Longkou Qizheng Auto Parts Co.** East Of Longkou Development Zo Longkou City, 265703 China | Sanny Kim P: 0086-35388607 F: | Trade Vendor | | | | **$4,199,563.58** |
| 2 **Posam (Posco America)** Po Box 1625 Hwy 401 Bypass Laurinburg, NC 28353 | Cris Alarcon P: 336-883-7146:EXT 3356 F: 770-814-4802 ryan.s@poscoamerica.com | Trade Vendor | | | | **$2,723,043.97** |
| 3 **Qingdao Gihon Auto Parts** 98 Chongqing S Rd Si Fang Qu Qingdao Shandong, China | Zhou Laichun P: 86-53285657735 F: 0532-83191021; 0532-83191510 info@gihonbrakes.com | Trade Vendor | | | | **$2,137,703.32** |
| 4 **Laizhou Sanli Auto** Zhuqiao Town Laizhou Laizhou Shandong, 261419 China | Yang Liya P: 86-535-3455-896; 86-5353455870 F: 0535-3455886 info@sanliauto.com; liyan@sanliauto.com | Trade Vendor | | | | **$1,637,752.08** |
| 5 **Zhejiang Lizhong Ind. Co., Ltd** Bb & T Factors Corporation PO Box 890011 Charlotte, NC 05445 | Bill Cline P: 647-282-0617 F: nancy.miao@zjlizhong.com | Trade Vendor | | | | **$1,548,258.62** |
| 6 **American Express** 1560 East Adam Drive Depere, WI 54115 | Attn Director or Officerr P: 920-339-9345 F: 212-619-9743 | Trade Vendor | | | | **$1,287,945.41** |

Debtor **APC Automotive Technologies Intermediate Holdings, LLC** Case number (*if known*) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | **Borui Brake Systems N.A.** 26741 Portola Pkwy Suite1E401 Foothill Ranch, CA 92610 | Bill Jiang P: 714-357-9412 F: 86-546-8955198 info@boruiauto.com; b.griffin@discbrakepts.com | Trade Vendor | | | | $1,120,885.86 |
| 8 | **Shandong Xinchang Environ** Xizhangjiagou Village Donglai District Longkou City Shandong, China | Jian Feng P: 86-15192369002 F: tina9112@126.com | Trade Vendor | | | | $935,755.84 |
| 9 | **Eastern-Dorman, LLC** 7870 12 Ave South Bloomington, MN 55425 | Attn Director or Officer P: F: | Trade Vendor | | | | $895,739.18 |
| 10 | **Longkou Qizheng Auto Part** Longkou Economic Development Zone Longkou, 265703 China | Attn Director or Officer P: 0086-53588607 F: | Trade Vendor | | | | $849,978.74 |
| 11 | **Xianghe Xumingyuan Auto** South Xiushui Street Shuyang Ind Park Xianghe Langfang, 65400 China | Attn Director or Officer P: 86-316-8580-802 F: 86-316-8589376 harvey.wang@zichen-casting.com; adela.qian@zichen-casting.com | Trade Vendor | | | | $844,205.20 |
| 12 | **Automotive Parts Service** 1637 Kingsview Drive Lebanon, OH 45036 | Kevin Sullivan P: 866-529-0412 F: | Trade Vendor | | | | $813,107.71 |
| 13 | **Yusin Brake Corp.,** 5Th Floor No. 381 Wufeng North Road Taiwan Branch Chiayi City, 600 Taiwan | Yao-Jen Hsu P: 561-697-4502 F: 866-5-2789-699 GDM@bourneusa.com | Trade Vendor | | | | $765,804.30 |
| 14 | **Centric Parts** 21046 S. Figueroa St. Unit B Carson, CA 23830 | Nathan Keller P: 310-218-1082 F: 626-961-5877 tech@centricparts.com | Trade Vendor | | | | $706,993.69 |
| 15 | **Logical Clean Air** Solutions 2945 Townsgate Rd Westlake Village, CA 91359 | Hector Verdugo Ramos P: 888-310-4192 F: hamid@logicalcleanairsolutions.com | Trade Vendor | | | | $668,537.87 |

Debtor **APC Automotive Technologies Intermediate Holdings, LLC** Case number *(if known)*_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16 | **Kwongkee Auto Exh Sys Ltd** Bldg 2 5500 Shenzhuan Road Dongjin Town Songjian District, SH 201619 China | Attn Director or Officer P: 86-21-31273333 F: 86-763-868868 info@auto-muffler.com; sam@automuffler.com | Trade Vendor | | | | **$507,189.40** |
| 17 | **US CBP** Contact A Specific Cbp Office 1300 Pennsylvania Ave. NW Washington, DC 20229 | Michael Wick P: 877-227-5511 F: | Trade Vendor | | | | **$487,839.10** |
| 18 | **Yantai Hosino Co., Ltd.** No.1 Muhuang Rd Economic Development Zone Longkou City Shandong, China | Jing Jiang P: F: 86-0535-8889639 sales@hosinoparts.com; cindy.hosinoparts.com | Trade Vendor | | | | **$485,142.18** |
| 19 | **Longkou Jinzheng Machiner** Haoyuan Industrial Park Xufu Town Longkou, 265713 China | Attn Director or Officer P: 86-535-3456-888 F: 86-535-3451999 webmaster@brakemotor.cc; sales01@brakerotor.cc | Trade Vendor | | | | **$471,876.74** |
| 20 | **Kwong Kee** 39625 Lewis Drive Suite 500 Novi, MI 48374 | Attn: Duncan Huang P: 248-489-7190 F: angel@auto-muffler.com | Trade Vendor | | | | **$470850.84** |
| 21 | **Ngk Automotive Ceramics** 39625 Lewis Drive Suite 500 Novi, MI 48374 | Duncan Huang P: 248-489-7190 F: 248-489-8055 info@ngk-detroit.com; billspiller@ngk-detroit.com | Trade Vendor | | | | **$464,828.48** |
| 22 | **Longkou Rongdi Mechanic** Pioneer Park Langao Town Longkou, China | Sha Shengxing P: 0535-31228616 F: qiyidan66@163.com; kokoliu2015@yahoo.com | Trade Vendor | | | | **$449,934.06** |
| 23 | **MK Kashiyama Corp.** 1119 Otai Saku City Nagano, 3850009 Japan | Tsuyoshi Kashiyama P: 81-(0)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; 81-(0)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 F: 81-(0)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 mizusawa@mkg.co.jp | Trade Vendor | | | | **$432,114.10** |
| 24 | **Yuhuan Jianghong Machiner** Yucheng Sub District Yuhuan County Zhejiang, 317600 China | Zhang Yuliang P: 86-57689916662 F: 86-576-89916298 sales@allbrakecalipers.com; helen.shen@allbrakecalipers.com | Trade Vendor | | | | **$422,469.20** |

Debtor    __APC Automotive Technologies Intermediate Holdings, LLC__    Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25 | **Neo Chemicals And Oxides** PO Box 912632 Denver, CO 12421 | Rahim Suleman P: 416-367-8588 F: f.ng@neomaterials.com | Trade Vendor | | | | **$407,960.00** |
| 26 | **Fmp Asia-Thailand Limited** Pluak Daeng, Pluak Daeng District Rayong, 21140 China | Attn Director or Officer P: 66-38-954-515 F: BMNA@msn.com | Trade Vendor | | | | **$350,850.49** |
| 27 | **Stag Industrial Holdings, Llc Langh1** C/O Stag Langhorne LLC 1 One Federal Street - 23rd Floor Boston, MA 02108 | Federico Falcone P: 617-226-4963 F: inverstorrelations@stagindustrial.com; dshriber@stagindustrial.com | Trade Vendor | | | | **$345,794.03** |
| 28 | **Bluecross Blueshield** PO Box 580017 Charlotte, NC 05445 | Customer Service P: 888-630-2583 F: | Trade Vendor | | | | **$268,350.34** |
| 29 | **Lynnco Supply Chain** Iron & Steel Product Div 200 East Randolph Drive Suite 5200 Chicago, IL 60601 | Louis Huang P: 917-992-6968:EXT ROSS F: information@lynnco-scs.com; hildreth@aktube.com | Trade Vendor | | | | **$263,792.73** |
| 30 | **Shandong Gold Phoenix Co.** 999 Fule Road Leling, 253600 China | Attn Director or Officer P: 86-531-8117-3975 F: xuyuan@chinabrake.com | Trade Vendor | | | | **$259,843.54** |
| 31 | **Friction One Brake Techno** No. 10 Mianzhou Blvd Industrial Park Xiantao City, Hubei China | Attn Director or Officer P: 0728-3251640 F: gary.li@friction1.com; jenny.xie@friction1.com; elina.zhou@friction1.com | Trade Vendor | | | | **$259,740.36** |
| 32 | **JM Johnson Matthey** 456 Devon Park Drive Wayne, PA 04284 | Emily P: 610-971 3063 F: bankstl@jmusa.com | Trade Vendor | | | | **$253,450.68** |
| 33 | **Hangzhou Zhengqiang Corp., Ltd** Zhangpanqiao Village (Litoujin) Shushan Street Xiaoshan, Hangzhou, ZJ China | Jenssie Yin P: 086 571-57573069 F: 0086-571-82367420 xuzq@zhengqiang.com; fuyun@zhengqian.com; fuyun@xs.hz.zj.cn; luciayu@zhengqiang.com | Trade Vendor | | | | **$249,500.20** |

Debtor    **APC Automotive Technologies Intermediate Holdings, LLC**    Case number (*if known*)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 34 | **International Brake Indus** 1840 Mccullough Lima, Ohio 45801 | Paul Johnson P: 800-537-2838 F: 888-424-1061 larry@aup1.com | Trade Vendor | | | | **$246,832.98** |
| 35 | **D-Terra Solutions, LLC** Lawn Service PO Box 846 Dudley, NC 28333 | Mike Minichello P: 919-735-0145 F: | Trade Vendor | | | | **$234,988.15** |
| 36 | **Laizhou Sanli Auto Replacement** Parts Co., Ltd Zhuqiao Town Laizhou City, SD China | Sally Arms P: 86 535 2391155 F: 0535-3455886 info@sanliauto.com; sonnyqi@sanliauto.com | Trade Vendor | | | | **$232,794.50** |
| 37 | **QI Automotive Co., Ltd** No 1 Luanhe Road Jiaozhou Shandong, 266300 China | Emily S P: 86-53286628131 F: bhan@qi-auto.com | Trade Vendor | | | | **$228,081.52** |
| 38 | **High Hope Zhongtian Corpo** 15 Hubu Street Nanjing China | Attn Director or Officer P: 00-86-025-86895000 F: | Trade Vendor | | | | **$217,370.22** |
| 39 | **Taiwan Brake Technology C** No. 123-6 Zhonglun Anding Dist Tainan, Taiwan | Attn Director or Officer P: F: 06-5933528 tbt@taiwanbrake.com; tbt261@taiwanbrake.com | Trade Vendor | | | | **$206,293.50** |
| 40 | **Emsa Mufflers** 1111 South George Steet Goldsboro, NC 27530 | Zoila P: 919-735-3172 F: 519-448-1212 jgarza@emsamufflers.ca; scontreras@emsamofles.com | Trade Vendor | | | | **$197,538.75** |
| 41 | **IPFS Corporation** 10 Winslow Rd. Weston, CT 06883-1934 | Attn Director or Officer P: F: | Trade Vendor | | | | **$197,186.56** |
| 42 | **Parts Authority, Inc.** 3 Dakota Drive Suite 110 New Hyde Park, NY 11042 | Randy Buller P: 883-380-8511 F: contactus@partsauthority.com | Trade Vendor | | | | **$193,700.26** |

Debtor   **APC Automotive Technologies Intermediate Holdings, LLC**          Case number (*if known*)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 43 | **Heraeus Metals New York** 540 Madison Avenue Business Unit Trading New York, NY 10001 | Attn Director or Officer P: 212-752-2180 F: 212-752-2180 tradingny@heraeus.com | Trade Vendor | | | | **$183,750.00** |
| 44 | **Dorman Products** P.O. Box 8500 (S-4565) Philadelphia, PA 13673 | Jorge Rustrian P: 215-712-5182 F: generalinquiries@dormanproducts.com; CRDorman@dormanproducts.com | Trade Vendor | | | | **$182,731.30** |
| 45 | **Yantai March Internationa** No 12 Baoyuan Road YANTAI CITY, Shandong China | Attn Director or Officer P: 0086-5356910801 F: 0086-5356910800 gh32@yietcc.com; yietcc@public.ytptt.sd.cn; jumperdk@163.com | Trade Vendor | | | | **$172,715.26** |
| 46 | **AK Tube LLC** 15317 Collections Center Dr. Chicago, IL 60290 | Ed Urbaniak P: 419-661-4150 F: 419-661-4380 bryant@aktube.com; hildreth@aktube.com | Trade Vendor | | | | **$170,832.76** |
| 47 | **Heidrick & Struggles, Inc** Softball Leagues Hobart, IN | Aaron Slusher P: 202-331-4900 F: | Trade Vendor | | | | **$159,402.31** |
| 48 | **Hypercat ACP** 1122 West Bethel Rd., 400 Coppell, TX 75019 | Attn: Keith Thompson P: 972-393-6888 F: kthompson@metalsubstrate.com | Trade Vendor | | | | **$136,945.80** |
| 49 | **Integrated Maquila Soluti** 2000 Wyoming Ave Ste A El Paso, TX 79903 | Gabriela Moreno P: 915-534-4252 F: | Trade Vendor | | | | **$134,906.98** |
| 50 | **Wenzhou Libang Hexin Auto** Industrial Zone Tangxia Town Ruian Wenzhour Zheijang, China | Attn Director or Officer P: 86-135-0657-8682 F: shally@chinalbn.com | Trade Vendor | | | | **$101,403.01** |
| | | | | | | | |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AIRTEK, LLC, | ) Case No. 20-_____ (____) |
| | ) |
| Debtor. | ) |
| | ) |

### CERTIFICATION OF CREDITOR MATRIX

      Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above-captioned debtor and its affiliated debtors in possession (collectively, the "Debtors")[1] hereby certify that the *Creditor Matrix* submitted herewith contains the names and addresses of the Debtors' creditors.  To the best of the Debtors' knowledge, the *Creditor Matrix* is complete, correct, and consistent with Debtors' books and records.

      The information contained herein is based upon a review of the Debtors' books and records as of the petition date.  No comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed.  Therefore, the listing does not, and should not, be deemed to constitute (1) a waiver of any defense to any listed claims, (2) an acknowledgement of the allowability of any listed claims, and/or (3) a waiver of any other right or legal position of the Debtors.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows:  Airtek, LLC (1239); AP Emissions Technologies, LLC (8219); AP Exhaust Products DISC, Inc. (0288); APC Automotive Technologies Intermediate Holdings, LLC (0991); APC Automotive Technologies, LLC (6651); Aristo, LLC (4542); CWD Acquisition, LLC (4286); CWD Holding Corp. (7381); CWD Intermediate Holding Corp. (7285); CWD, LLC (5832); Eastern Manufacturing, LLC (2410); Qualis Automotive, L.L.C. (7291); and Qualis Enterprises, Inc. (6610).  The Debtors' principal offices are located at 10822 West Toller Drive, Suite 370, Littleton, Colorado 80127.

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | Airtek, LLC |
| United States Bankruptcy Court for the: | District of Delaware |
| | (State) |
| Case number (If known): | |

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration: <u>List of Equity Security Holders, Corporate Ownership Statement, and Certification of Creditor Matrix</u>

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| Executed on | <u>06/03/2020</u> | ☒ */s/ Patricia Warfield* |
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Patricia Warfield** |
| | | Printed name |
| | | **Authorized Signatory** |
| | | Position or relationship to debtor |

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**